## Kentucky Distilleries & Warehouse Company v. Glenmore Distilleries Company.

(Decided May 28, 1918.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, First Division).

Sales—Evidence—Principal and Agent—Instructions.—In an action for breach of an alleged contract to deliver empty barrels, which defendant denied having executed, the broker who negotiated the trade having testified it was made by the defendant through one D., and D. having testified for the defendant admitting the negotiations with the broker and denying the terms but not his authority to act for defendant, an instruction was authorized which assumed the agency of D. and submitted to the jury simply the issue as to the terms, which was the only issue upon the evidence.

BRUCE & BULLITT, WILLIAM MARSHALL BULLITT and KEITH L. BULLITT for appellant.

WILLIAM W. CRAWFORD for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The appellee, Glenmore Distilleries Company, was plaintiff below and recovered a judgment of $2,000.00 against the defendant, now appellant, as damages for breach of a contract to sell and deliver 7,000 empty barrels at $1.05 each.

The single ground urged for a reversal is that plaintiff failed to prove that a Mr. Darlington, with whom its agent, a Mr. Jones, made a contract, was the agent or authorized to make a contract on behalf of the defendant, and while it must be admitted there is no direct proof of that very essential fact we think it sufficiently appears from the evidence to warrant the submission of the case to the jury, and to obviate the necessity of a reversal of the judgment against the defendant.

Thomas S. Jones, for the plaintiff, testified that he was engaged in the whiskey brokerage business; that he bought and sold empty barrels on commission; that on or before January 21, he sold barrels for the defendant, and being asked to "tell how that sale came about," said:

"On January 21, 1916, I called up the office of the Glenmore Distillery Company, and Mr. James Thompson gave me an order for between six and seven thousand barrels, freshly empty cooperage packages, and as soon as I obtained the order from him I went to the telephone

and I called up Mr. Darlington, that gentleman sitting right there, and asked him if he had any empty barrels for sale. He told me he had plenty of them. He said, 'How many do you want?' I says, 'I want between six and seven thousand.' He said, 'We have got the barrels.' I said, 'Well, what is your price?' He said, 'The price is $1.05; you get the five cents commission and we get the dollar.' That dollar and five cents, the price, was based f. o. b. cars at Louisville. I asked him could I confirm the sale, and he said, yes, we will fill the order. The barrels were to be delivered between that date and June 1st, 1916.''

For the defendant, Mr. Darlington, its only witness, admitted the conversation with Mr. Jones in reference to the sale about which he had testified, and which Jones stated was a sale by the defendant to plaintiff, denying simply that the sale was ever closed, but he did not deny, nor did the defendant attempt to disprove that this sale was for the defendant, as Jones testified it was, nor does counsel for defendant even pretend now that if, in the conversation between Jones and Darlington, the trade was consummated, it was not a sale by the defendant. It will, therefore, be seen that while defendant in its answer had traversed the allegation in the petition that it had sold the barrels to plaintiff, the real and only issue upon the evidence was whether or not a sale was effected in the conversation between Jones and Darlington, upon which issues the jury found for the plaintiff upon instructions in which it was assumed Darlington was the agent and authorized to act for defendant in the transaction. Whether or not the court was authorized in this assumption and in overruling defendant's motion for a directed verdict depends solely upon whether there was any evidence of Darlington's agency as there was no denial of it, and we are of the opinion that the testimony of Jones that he made the sale to plaintiff for defendant through Darlington, as above set out, was some evidence of his agency for defendant, which, in the absence of a denial, was sufficient warrant for the court's action in overruling the motion for a peremptory and in submitting the case upon the whole issue of whether or not a sale was effected in the conversation between Jones and Darlington, the evident theory upon which both plaintiff and defendant interrogated the witnesses.

Wherefore, the judgment is affirmed.